PRESCRIBED HIGH CALORY LIQUID DIETS,
AND CONSIST THREE (3) TIMES DAILY AND
DOES OF LIQUID AMOXICILLIN, NURSES JANE AND JOAN

83. M. POMDAY WAS ALSO INSTRUCTED
THAT DOCTOR COCKERN SOUGHT A FOLLOW
UP VISIT WITHIN FOURTEEN (14) DAYS.

84. SEVERAL NIAPHA CARE INC PROVIDERS
WERE INFORMED AN INSTRUCTED BY PLAINTIFF
THOUGHOUT JUNE - AUGUST 2021, BY
GENERAL SURGEONS BY GRADY'S HOSTIPAL
ORDERS AUGUST 04, AND AUGUST 11, 2021;
ORAL SURGONS THAT PLAINTIFF NEEDED
IMMEDIATE SURGERIES TO CORRECT THE
FRACTURED JAW AND WHAT HAD NOW BE-
COME CRONIC INFECTION, AND FULL DIETS REGULARLY.

85. DURING THE SAME INTAKE PROCEDURE,
ON JUNE 24, 2021 AT APPROXIMATELY 1745
HOURS JACOBSON'S WEIGH WAS 176 LBS AND
UPON BELIEF SO ACCURATELY TRANSCIBED IN
NIAPHA CARE, INC REPORTS, ALL KNEW OR WEIGHT LOSS.

86. ON JUNE 25 - 26, 2021 JACOBSON RE-
MAINED LARGELY SEDATED BASED UPON
A TRIPLE PROTOCAL FOR ALCHOL, OPIATE,
AND "BENZO" SUBSTANCES. DETOXIFICATIONS.

87. ON JUNE 24, 2021, AT APPROXIMATELY
1625 HOURS JACOBSON WAS GIVEN A URINE
ANALSIS TESTING POSITIVE FOR ALL THREE

DESCRIBED SUBSTANCES, AND KNOWN CONDITIONS.

88. THE EVIDENCE SHOWS JACOBSON REC-
IEVING NO LIQUID DIETS ON JUNE 24-
25, 2021, AND REPEATEDLY THROUGHOUT AUGUST 2021.

89. JACOBSON RECIEVED NO LIQUID DIETS
ON JUNE 26, 2021, AND REPEATEDLY THROUGHOUT 8/2021.

90. ON JUNE 27, 2021 EVIDENCE SHOWS
JACOBSON RECIEVED ONE LIQUID DIET.

91. THE EVIDENCE ALSO SHOWS THAT
HARD FOODS AND PILLS WERE BEING AD-
MINISTERED CONTINUOUSLY THROUGHOUT
JUNE - AUGUST 2021, CRUSHED.

92. DESPITE LIQUID DIET PRESCRIPTIONS
AND LIQUID ANTIBIOTIC, PAIN RELIEVER
MEDICATION NAPHA CARE, INC NURSES
JANE DOES III, IV, V, VI, AND VII,
JOHN DOE I, YET IDENTIFIED PRO-
VIDERS AND PERSONS DAILY BETWEEN
JUNE - AUGUST 2021 CRUSHED PILLS AND
MADE JACOBSON PUSH THEM THROUGH
HIS WIRES CONTRARY TO PRESCRIPTION BY PROVIDERS.

93. SEVERAL DEPUTY SHERIFFS OFFICE
EMPLOYEES, DEPUTY PEEK, DEPUTY COILETI,
K. NORTH, SGT. FINCH, DEPUTY MATHONE,
TOGETHER WITH YET IDENTIFIED PERSONAL
WERE FULLY AWARE BETWEEN JUNE - AUGUST
2021, JACOBSON WAS CONSISTENTLY DENIED

HIS LIQUID DIETS, AND DISREGARD THE RISKS.

94. A REGULAR PRACTICE WAS APPROVED ALLOWING JACOBSON REGULAR TRAYS WHEN LIQUID TRAYS WERE NOT SENT AND FOR HIM TO FORCE FEED HIMSELF BY MASHING FOOD AND FORCING IT BETWEEN HIS WIRES THROUGHOUT JUNE - AUGUST 2021. ALL KNEW

95. ALL NAPHA CARE, INC EMPLOYEES MICHAEL POMPAY, MD, PROVIDES, SGT FINCH, MAJORS WERE ALL AWARE AND APPROVED OF THE CRUSHED FOOD PRACTICES. BETWEEN JUNE - AUGUST 2021, AND RISKS

96. AS EARLY AS JUNE 27-28, 2021; JACOBSON STARTED EXPERIENCING MAJOR INFECTIONS WITHIN HIS MOUTH DUE TO BOTH THE FORCE FEEDING PRACTICES, LACK OF ANTIBOTIC PRESCRIBED TREATMENTS, LACK OF NUTERIONAL VALUE, AND DENIAL OF PROPER DIETS, EMPLIMENTED BY EARMART, INC.

97. DEPUTIES GAY, PEEK, COILET, K. NORTH, SGT FINCH, DEPUTY HORN, M. POMPAY, JANE DOE I - VIII, JOHN DOE I, PROVIDER JOHN DOE II, JANE DOE I WERE ALL INFORMED AND COLLECTIVELY AND INDIVIDUALLY PARTICIPATED IN DENYING JACOBSON HIS DIETS. BETWEEN JUNE - AUGUST 2021.

98. JACOBSON REPEATEDLY INSTRUCTED ALL PARTICIPANTS DESCRIBED, AND THE RISK WERE OBVIOUS THAT DENYING HIM LIQUID FOODS BETWEEN JUNE - AUGUST, 2021, WOULD AND DID CAUSE HIM SIGNIFANT HARM AND DAMAGES. THEY DISREGARDED THE SAME.

99. ON JUNE 28, 2021, CORRECTIONAL DEPUTIES DID BEGIN TO INSTRUCT DR. POMPAY THAT JACOBSON WAS NOT RECIEVING HIS LIQUID DIETS REGULARLY. CALLING EARMART.

100. DEPUTY GAY WOULD DISPUTE THAT JACOBSON "WAS NOT GETTING" HIS DIETS ON JUNE 29, 2021, UPON INFORMATION ON HER BODY CAMERA.

101. JACOBSON ALSO ENTERED RICE STREET WITH WHAT ADDERANTLY WAS A BOWL INFECTION. LATER TREATED WITH MEDICATIONS.

102. JACOBSON WAS PROVIDED LIMITED BRIEFS AS INFECTION IMMINATED FROM HIS BOWLS AND DOCTOR POMPAY INSPECTED HIS UNDER GARMENTS ON JUNE 29, 2021.

103. DOCTOR POMPAY IS CREDITED FOR TREATING AND RESOLVING THE BOWL INFECTION. AND ATTEMPTING TO RESOLVE SOME ISSUES.

104. BRIEFS WERE LARGELY PROVIDED AFTER JUNE 29, 2021, UPON REQUEST.

105. UPON ADMISSION TO MDU #09

ON OR ABOUT JUNE 25, 2021 DR POMPAY
OBTAIN WRITTEN HIPPA WAIVERS FOR
JACOBSONS WELLSTAR KENNSTONE MEDICAL
RECORDS BUT COULD NOT OBTAIN THEM.

105. DOCTOR POMPAY CONFIRMED ON OR
AFTER JUNE 29, 2021 HE WAS NOT ABLE
TO OBTAIN JACOBSONS MEDICAL RECORDS

106. PROVIDER JANE DOE (I) ALSO
CONFIRMED THE "RUN AROUND" NAPHA
CARE, INC WAS RECIEVING IN OBTAINING
MEDICAL RECORDS FROM WELLSTAR KENNESTONE.

107. NAPHA CARE, INC, AGENTS OR
EMPLOYES NEVER REQUESTED WAIVES
FOR ANY OTHER MEDICAL FACILITIES AS
PREVIOUSLY DESCRIBED CONDITIONS AFTER 6/25/2021.

108. ON JUNE 29, 2021, HAVING ATE ALMOST
NOTHING FROM ADMISSION TO DATE JACOBSON
EXPERIENCED STOMACH ACHES AND REFUSED
THE NIGHT PILL CALL; BY JANE DOE (IV)

109. ON THIS SAME DATE EVERYONE THEN
BECAME IN AGREEMENT JACOBSON "WAS
NOT" BEING PROVIDED LIQUID DIETS.
NO CORRECTIVE ACTION FOLLOWED ON
JUNE 29, 2021 - OR THROUGHOUT AUGUST 2021.

110. DEPUTY GAY, ON JUNE 29, 2021 AGAIN
DISPUTED THE CLAIM OF LACK OF DIETS
PROVIDED TO M. POMPAY AND DEPUY COLET.

111. FROM JUNE 26 - JULY 01, 2021 JACOBSON LARGELY SUBSIDED ON SOLID FOODS. DEPUY COTLET ATTEMPTED TO ASSIST.

112. ON JULY 1, 2021, WITH DEPUTY GAY DOCTOR POMPAY CONDUCTS A WELLNESS CHECK. GAY REPORTEDLY ACTIVATES HER BODY CAMERA DENYING JACOBSON'S CLAIMS AGAIN. POMPAY SEEMINGLY AGREES JACOBSON IS RECIEVING LIQUIDS.

113. ON JULY 1, 2021 OFFICER PEEK FAILS TO DELIVER JACOBSONS EVENING DIET. PEEK DESCRIBES THIS IS A REGULAR PROBLEM WITH THE "KITCHEN" OR EARMART, INC EMPLOYMENT LONG STANDING.

114. DEPUTY PEEK SUGGESTS HE HAS NO POWER TO RESOLVE THE LACK OF DIET ISSUE AND ON JULY 1, 2021 SUGGESTS TO FILE "A COMPLAINT" AND CONTACT SUPERVISORS.

115. JACOBSON'S JPB / PIN ACCOUNT WAS INOPERATIONAL BETWEEN JUNE - JULY 2021 UNTIL SGT FINCH RESOLVED THE MATTER. SOME TIME IN JULY 2021.

116. JACOBSON WAS UNABLE TO FILE A FORMALE ELECTRONICALLY STORED INFORMATION GRIEVANCE (EFI) UNTIL SOME TIME AFTER JULY 1, 2021. AND FINCH RESOLUTION.

117. SGT. FINCH, ON JULY 01, 2021 ALSO RETRIEVED JACOBSONS TRAY FROM

THE KITCHEN ON 1st SHIFT. FROM EARMART, INC

118. MEDICAL STAFF AND SEVERAL DEPUTIES BEGUN TO CALL THE KITCHEN EITHER IN ATTEMPTS TO RETRIVE TRAYS OR RESOLVE SOME APPEARENT PROBLEMS BETWEEN JULY 1 - 5TH, 2021. AND AUGUST 2021.

119. ON JULY 05, 2021 JACOBSON FOR THE FIRST TIME SINCE JUNE 24, 2021 RECIEVED THREE LIQUID TRAYS. FROM EARMART.

120. ON JULY 05, 2021 MEDICAL STAFF JOHN DOE (1) TOGETHER WITH DOCTOR POMPAY CONDUCT A WEIGHT CHECK. JACOBSON PERSONALLY OBSERVED JANE DOE (V) (MS. BROWN) RECORD HIS WEIGH AT 165 LBS.

121. THROUGHOUT JUNE 25 - JULY 5, 2021 SHERIFF EMPLOYES AT FULTON COUNTY JAIL JOHN DOES (2) (IV) - (X), AND JANE DOES (2) (IX - XVI) AND THEN THROUGHOUT JULY 28, 2021; TOOK NO AFFIRMATIVE ACTIONS TO SUPERVISE, DISCIPLINE, AND OR TRAINING THOSE WHO FAILED TO PROVIDE JACOBSON HIS LIQUID DIETS, INCLUDING EARMART, INC.

122. THOSE DESCRIBED DIETS WERE PRESCRIBED BY THE KENNSTONE NUTURIONIST AND DOCTOR POMPAY, BEGINNING IN JUNE 06, 2021 OR THEREAFTER BEFORE JUNE 26, 2021.- AUGUST 2021.

123. EACH OF THOSE NAMED IN PARAGRAPHS FOUR (4) THROUGH (10), AND (121) KNEW THE PRECISE RISKS OF INTERFERRING, DELAYING, FAILING TO ADMINTSTER, DISREGARDING THE LIQUID DIET ORDERS YET CONSCIOUSLY CHOSE TO IGNORE THOSE RISKS UNDERSTANDING AND CONCLUDING JACOBSON WOULD BETWEEN JULY - AUGUST 2021, AND CONTINUALLY SUFFER COMPLICATIONS, NEEDLESS PAIN AND SUFFERING NEEDLESSLY.

124. AS A DIRECT AND PROXIMATE CAUSE OF THOSE COLLECTIVELY NAMED IN PARAGRAPHS 123 PLAINTIFF SUFFED CRONIC INFECTION IN HIS INNER JAW, SEVER WEIGHT LOSS, LIVER DAMAGES ATTRIBUTED TO INFLAMMED RABDOMYLSIS, NEEDLESS PAIN, SUFFERING ANXIETY, FUTURE ADDED MEDICAL AND MENTAL HEALTH COSTS.

125. UPON BELIEF THE EVIDENCE WILL CONCLUSIVELY DEMONSTRATE LONG AND PERSIST FAILURES TO TAKE CORRECTIVE ACTIONS AGAINST EARMART, INC AND NAPHA CARE, INC. THROUGHOUT THEIR ENTIRE EMPLOYMENT, AND BETWEEN JUNE - AUGUST 2021.

126. ON JULY 05, 2021, JACOBSON'S CRONIC INFECTIONS CONTINUED TO DETEROIATE TO THE POINT WHERE BONE FRAGMENTS BEGUN

TO POP OUT OF HIS SKIN.

127. DEPUTY PEEK IS INFORMED OF THE NEED FOR EMERGENCY MEDICAL ATTENTION ON JULY 5 AND OR JULY 06, 2021, AT APPROXIMATELY 1645 HOURS.

128. UPON INFORMATION AND BELIEF DEPUTY PEEK REPORTED THE INCIDENT TO JOHN DOE (5), NURSE "KEN", AND OR OTHERS

129. JOHN DOE I KNEW, ON SAID DATES THAT THE BONES EXTRUDING PRESENTED A STRONG POSSIBILITY LET UNTREATED THOSE EXTRUSIONS WOULD AND DID CAUSE CRONIC INFECTION, NEEDLESS SUFFERING, AND WERE NOT PROPERLY TREATED AND DIAGNOISED.

130. EVENTUALLY JOHN DOE CONSULTED M. POMPAY AFTER THE EXTRUSIONS WHO ALSO CONCLUDED THAT A STRONG POSSIBILITY EXISTED FOR CRONIC INFECTIONS TO OCCURE AGAIN THAT RISK WAS DISREGARDED WHEN HE FAILED TO PROVIDE ANY CARE, REFER THE MATTER TO AN OUTSIDE PROVIDED, DIAGNOISED, TREAT THOSE MATTERS, OR SEEK OUTSIDE HELP.

131. NOT UNTIL APRIL 4, 2021 WAS PLAINTIFF SENT TO GRADY MEMORIAL FOR EMERGENCY CARE.

132. DEPUTY PEEK, ON OR ABOUT JULY 5, 2021, TRANSPORTED PLAINTIFF TO JANE DOE I'S OFFICE SOMETIME AFTER 1500 HOURS.

133. JANE DOE I HAS A STONG BELIEF THAT OUTSIDE TREATMENT WAS NECESSARY FOR THE

EXTRUDING BONES YET DISREGARDED THAT NEED
WHICH CAUSED PLAINTIFF TO SUFFER CRONIC
INFECTIONS, PAIN AND SUFFERING NEEDLESSLY
AFTER JULY 05, 2021 UNTIL THE DURATION OF
HIS CONFINEMENT, DESCRIBED AUGUST 2021 HENCE.

134. JANE DOE I WAS ALSO INFORMED
AND PERSONAL PARTICIPATED TOGETHER,
JOHN DOES (2) (IV)-(X), AND JANE DOES (2) (IX-
(XVI), THAT BETWEEN JUNE 24- JUNE 5, 2021
PLAINTIFF WAS CONSISTENTLY DENIED HIS LIQUID
DIETS, AND INTO AUGUST 2021.

135. ALL SAID PARTIES IN PARAGRAPHS, 134
DEPUTIES PEEK, COZLET, MATHONE, K. NORTH,
SGT. FINCH, SGT. PRICE, PERSONAL PARTICIPATED
IN FAILING TO CORRECT AND DENYING PLAINTIFF
HIS LIQUID DIET(S) RELATIVE TO SOME UNBEKNOWN-
ST ERRORS AND OR WITNESSED THE SAME AFORE-
MENTIONED ACTING IN CONFORMITY WITH DE FACTO PRACTICES.

136. ALL AFOREMENT PARTIES IN CONCERT KNEW
OF THE MANIFESTED SIGNIFICANT RISKS OF
DENYING PLAINTIFF HIS LIQUID DIET.

137. THOSE PARTIES AFOREMENTIONED DIS-
REGARDED THAT RISK WHICH RESULTED IN
SEVERAL DAMANAGES AND NEEDLESS WANTON
INFLICTION OF PAIN, AND INFECTIONS.

138. FAILING TO TAKE CORRECTIVE ACTION TO
ENSURE CONSIST LIQUID DIETS WAS RECKLESS.

139. EACH NAMED DEFENDANT PERSONAL PARTICIPATED IN FAILING TO TAKE CORRECTIVE ACTIONS BETWEEN JUNE 24 — AUGUST 2021.

140 EARMART INC FAILED TO DELIVER PROPER LIQUID DIET IMPLIMENTATION.

141. EARMART INC DEFENDANTS "MJS" (JOHN, JANE DOE) AND "TF" (JOHN AND JANE DOE) PERSONALLY PREPARED INSUFFICENT LIQUID DIET TRAYS ON AND BETWEEN JUNE 24 — AUGUST 2021.

142. TOGETHER WITH ALL OTHER NAMED DEFENDANTS BETWEEN JUNE — AUGUST 2021, THOSE DEFENDANT KNEW THAT A LICENSED DOCTOR PRESCRIBED THAT DIET YET INTERFEERRED.

143. THE JURISPRUDANCE IS CLEARLY ESTABLISHED BETWEEN JUNE — AUGUST 2021, THAT INTERFEARRING WITH PRESCRIBED DIETS WILL SIGNIFICANTLY CAUSE HARM, AND DID.

144. DESPITE THIS KNOWLEDGE ALL NAMED DEFENDANT EARMART INC, NAPH CARE INC, ALL JANE AND JOHN DOES DISREGARDED THAT RISK BY REFUSING TO CONSISTENTLY PROVIDE FOR JACOBSINS DIETARY NEEDS ALL BETWEEN JUNE — AUGUST 2021.

145. AS A PROXIMATE CAUSE DIRECTLY ATTRIBUTED TO ALL DEFENDANTS CONCERTS OF ACTION PLAINTIFF LOST SIGNIFICANT

WEIGHT, INCURRED CRONIC INFECTIONS, SIGNIFICANT PHYSICAL INJURIES AND EMITIONAL TRAMAU, AND POSSIBLE DEATH.

146. AS A DIRECT AND PROXIMATE CAUSE OF ALL DEFENDANTS ACTS AND OMISSIONS BETWEEN JUNE-AUGUST 2021, THE PLAINTIFF WAS ADMITTED TO GRADY MEMORIAL HOSPITAL ON AUGUST 04 AND 11, 2021.

147. PLAINTIFFS CONDITION AND DEFENDANTS ALL NAMED RECKLESS DISREGARD FOR PLAINTIFFS HEALTH, SAFETY, AND LIFE WAS SO SIGNIFICANT THAT ORAL SURGEONS AT GRADY REFUSED TO ADMINISTER NEEDED CARE MAINLY DUE TO CRONIC INFECTIONS ASSOCIATED WITH THE COLLECTIVE DEFENDANTS DESCRIBED ACTS AND OMISSIONS, LACK ATERS AND CARE

148. THE GRADY ORAL SURGEONS REFERRED THE PLAINTIFF TO WELLSTAR KENNESTONE. ON AUGUST 11, 2021 DR. COCKERN'S CARE.

143. THE COLLECTIVE DEFENDANTS ACTED IN CONCERT OF ACTIONS TO DELAY AND DENY PLAINTIFF NEEDED WELLSTAR MEDICAL CARE TREATMENT AND LIQUID DIET SUFFICIENT TO SUSTAIN LIFE AFTER AUGUST 11, 2021 ONCE PRESCRIBED BY GRADY PHYSICIANS.

144. PLAINTIFFS LIFE REMAINS IN IMMINATE DAMAGER, AND HE CONSISTENTLY STRUGGLES.

145. THE COLLECTIVE DEFENDANTS ALL HAD SIGNIFICANT KNOWLEDGE THAT SUPERVISING PERSONAL WOULD NOT TAKE ANY CORRECTIVE ACTION IN A DISCIPLINARY AND OR SUPER- VISORY CAPACITY, STARTING BEFORE 2021.

146 THE DE FACTO CUSTOM OF FAILING TO TAKE CORRECTIVE AND SUPERVISORY ACTIONS PERSISTED LONG BEFORE 2021, AND CONTINUES.

147. THE MOVING FORCE BEHIND THE CUSTOM ESTABLISHED BY THE MUNICIPALITY WAS THE "CONTRACTUAL AGREEMENT SCHEMES" EMPLOYEED BY THE MUNICIPALITY.

148. THE POLICY AND CUSTOM SCHEME IS DESCRIBED AS THE "HANDS OFF" APPROACH.

149. THE MUNICIPALITY AGENTS ACTING OFFICIALLY UNDER THE HANDS OFF APPROACH DURING JUNE - AUGUST 2021. WOULD SIMPLY CITE THE ACTS AND OMISSIONS OF CONTRACTORS- NAPH CARE INC AND EARMART, INC.

150. VICE VERSA NAPH CARE INC AND EARMART INC DURING THIS SAME PERIOD WOULD CITE THE MUNICIPALITY EMPLOYEES ACTING OFFICIALLY DURING JUNE - AUGUST 2021.

151. THE DRIVING FORCE OF THE POLICY AND CUSTOM APPROVED BY ALL POLICY MARKERS WITH ALL ADMINISTRATIONS, RICE STREET EARMART INC AND KNPH CARE INC

WAS TO PROTECT EACH OTHER OFFICALLY AND
INDIVIDUALLY FROM DISCIPLINE, SUPER-
VISION, AND ANY CORRECTIVE ACTIONS
OR LIABILITIES LONG BEFORE 2021.

152. THIS COMMON PRACTICE FOR UN-
CONSTITUTION AND ILLEGAL PURPOSES WAS
ALL JOINED BY ALL NAMED DEFENDANTS
WITH SEVERAL DE FACTO IMPLICATIONS
APPROVED AND RATIFIED BY POLICY MAKERS 2021.

153. THE SIGNIFICANT RECKLESSNESS
HEREIN DESCRIBED FORM IMPUTED KNOW-
LEDGE OF UNDERSTANDING FORMED AND
AGREED TO UPON BY MOVING FORCE OF THE POLICY.

154. IT WAS THESE FORCES, RATIFIED BY
THOSE THAT THE FOLLOWING CONDUCTS BOTH
OFFICALLY AND INDIVIDUALLY, IN CONCERT
WHERE ALLOWED TO OCCUR AND PERSIST.

155. PLAINTIFF CONTINUED TO SUFFER FROM
OZING INFECTION FROM EXTERIOR BONE
INTRUSDING BETWEEN JULY - AUGUST 2021.

156. M. POMPAY, JOHN AND JANE DOE(S),
NADH CARE INC, AND EVERY EMPLOYEE KNEW
OF THE OBVIOUS CONDITIONS BETWEEN SAID DATES.

151. SAID DEFENDANTS FAILED TO PROVIDE
PLAINTIFF TREATMENT WITHIN THE PREVAILING
NORMS OF THE PROFESSION AND SEEK OUTSIDE
CARE TO REMOVE THE WIRES AND INFECTION.

152. JACOBSON CONTINUED TO UTILIZE THE INSTITUTIONAL GRIEVANCE PROCESSES AVAILABLE AT RICE STREET FILING "REPEATED" GRIEVANCES AND APPEALS BETWEEN JULY - AUGUST 2021.

153. JACOBSON SOUGHT BUT WAS DENIED STATE TORT FORMS NEED TO ACCESS THE STATE COURT SYSTEM (S) BETWEEN JULY - AUGUST 2021.

154. JACOBSON SOUGHT SEVERAL TIMES TO PROCUR LEGAL COPIES THROUGHOUT JUNE - AUGUST 2021.

155. THE COLLECTIVE MUNICIPALITY DEFENDANTS, THOSE INDIVIDUALS ASSIGNED, AT RICE STREET, TO LEGAL ACCESS FUNCTIONS KNEW OF THE OBLIGATIONS CONSTITUTIONALLY TO PROVIDE FORMS, NOTARY STAMPS, COPIES, AND ACCOUNT STATEMENTS.

156. A DE FACTO CUSTOM EXISTS TO IGNORE OBLIGATORY LEGAL REQUEST TO CONTINUE TO COVER-UP THESE HEREIN DESCRIBED ACTS AND OMISSIONS LONG BEFORE 2021.

157. THE CUSTOM IS RATIFIED BY ADMINISTRATORS, AND SUPERVISORS AT RICE STREET LONG BEFORE 2021 EVIDENT BY THE LACK OF DISCIPLINE AND SUPERVISORY ACCESS.

158 THE PLAINTIFF (S) HAVE LIABLE CONSTITUTIONAL CLAIMS.

159. JACOBSON HAS RECIEVED REJECTED PLEADING

THOSE RISKS.

177. IN MUNICIPALITY HAD A LONG STANDING TRADITION THROUGH EARMART TO DENY ENTIRE CLASSES OF DIETS.

178. THE MOVING FORCE BEHIND THE HANDS-OFF POLICY WAS TO CONTROL COSTS AND CONTRACTUAL COST OBLIGATION.

179. POLICY MAKERS APPROVED OF THE PERSISTENT DENIALS OF PRESCRIBED DIETS TO ENSURE EARMART LIABILITIES FOR LOW COST CONTRACTUAL SERVICE.

180. IT WAS THROUGH THIS POLICY DE FACTO PROMULGATED THAT THE MUNICIPALITY ACTED WITH RECKLESS DISREGARD TO PLAINTIFFS LIFE, SAFETY, AND HEALTH.

181. THE INDIVIDUALLY NAMED : SGT'S FINCH, SGT PRICE, DEPUTIES PEEK, MATHONE, GAY, COLLET, HORN, ANTHONY,

171. NAPH CARE, INC WAS DIRECTED BY OUTSIDE ORAL SURGEON SPECIALIST AT GRADY MEMORIAL ON AUGUST 4, AND 11, 2021; TO TRANSPORT PLAINTIFF TO DOCTOR COCKERN AT WELLSTAR

172. ALL DEFENDANT KNEW OF THOSE OUTSIDE REFERRALS, DISREGARD THOSE REFERRALS, AND SIGNIFICANTLY PARTICIPATED IN CON-SCIENCE DECISIONS IN THOSE DISREGARDS MAKING MEA REA CONCLUSIONS JACOBSON COULD DIE, ENCOUNTER SERIOR INJECTIONS, LOSS WEIGHT, HAVE SAFETY AND HEALTH ISSUES

173. EARMART, INC KNEW ON JUNE 24, 2021; AND WERE CONTRACTUALLY OBLIGATED TO PROVIDE PLAINTIFF CONSISTENTLY NUTERIOUS LIQUID DIETS YET RECKLESSLY FAILED.

174. EARMART SIGNIFICANTLY PARTICIPATED IN RECKLESS DISREGARD THROUGH CONCERTS OF ACTION BETWEEN "KF" (EMPLOYEE), AND (MJS) (EMPLOYEED) IN FORWARDING NUTERIONALLY UNBALANCED DIETS, OR NO DIETS AT ALL.

175. THE MUNICIPALITY, ALL JOHN AND JANE DOES ACTED IN CONCERT WITH EARMART TO DENY THE SAME.

176. ALL CONSCIOUSLY UNDERSTOOD THE KNOWN RISK IN DENYING MEDICALLY PRESCRIBED DIETS AND CARE YET RECKLESSLY DISREGARD

NOTICES.

160. JACOBSON CANNOT OBTAIN APPROVED 42 USC 1933 COMPLAINT FOAMS SINCE AUGUST 2021.

161. JACOBSON CANNOT OBTAIN IN FORMA PAUPERIS FORMS FOR SUBMISSION.

162. JACOBSON CANNOT OBTAIN COPIES OF HIS COMPLAINT

CAUSES OF ACTION

163. DELIBERATE INDIFFERENCE TO MEDICAL NEEDS DENTAL AND DELAY LIQUID DIETS AND KENNSTONE / WELLSTARE TREATMENT JUNE- AUGUST 2021.

164. PLAINTIFF INCORPORATES PARAGRAPHS ONE (1) THROUGH ONE-HUNDRED AND SIXTY-TWO (162) TO STATE THAT HIS RIGHTS UNDER THE US CONST. AMEND VIII AND XIV HAVE BEEN ABROGATED BY DENYING HIM HIS DIETS AS PRESCRIBED, DELAYING THOSE DIETS BETWEEN JUNE-AUGUST 2021.

165. PLAINTIFF INCORPORATES THE SAME IN PARAGRAPH ONE SIXTY-FOUR TO STATE THAT THOSE SAME RIGHTS HAVE BEEN ABROGATED BY DENYING HIM TREATMENT TO REMOVE HIS WIRED MOUTH AND INFECTIONS, AS PRESCRIBED BETWEEN JUNE- AUGUST 2021.

166. DELIBERATE INDIFFERENCE TO MEDICAL NEEDS INAPPROPRIATE DIAGNOSISES AND TREATMENT

167. PLAINTIFF INCORPORATES AND REIN-
CORPORATES PARAGRAPHS ONE (1) THROUGH
ONE-HUNDRED AND SIXTY-TWO (162) TO
STATE THAT HIS RIGHTS UNDER THE US CONST.
AMENDMENTS VIII AND XIV HAVE BEEN ABROGATED
BY DENYING APPROPRIATE DIAGNOSES AND
TREATMENTS FOR CRONIC INFECTIONS, WIRED
MOUTH, RABDOMYLSIS, PAIN, AND SUFFERING
FROM PREXISTING DIAGNOSIS

168. DEFENDANTS COLLECTIVELY FAILED TO OBTAIN
NEEDED RECORDS TO ASCERTAIN AND INVESTIGATE
THE ALREADY DIAGNOISED CONDITIONS, THE MEDICATIONS
AND TREATMENT PLANS ALREADY IN PLACE THUS
INTERFERRING WITH THE SAME SOURCES OF
TREATMENTS PRESCRIBED BY SPECIALISTS.

169. DELIBERATE INDIFFERENCES TO MEDICAL
NEEDS LESS EFFECTOUS TREATMENT OPTIONS.
KENNSTONE / WELLSTAR AND NAPH CARE INC
PRESCRIBED TREATMENTS.

170. PLAINTIFF INCORPORATES AND REINCORPORATES
PARAGRAPHS ONE (1) THROUGH ONE HUNDRED AND
SIXTY-TWO (162) TO STATE THAT HIS RIGHTS UNDER
THE US CONST AMEND VIII AND XIV HAVE BEEN
ABROGATED BY PROVIDING LESS EFFECTOUS TREAT-
MENT OPTIONS FOR NON-MEDICAL REASONS AND
RECKLESS DISREGARD.

171. EARMART, INC KNEW THEY WERE REQUIRED
TO PROVIDE PLAINTIFF WHOLESOME LIQUID DIETS AS
PRESCRIBED BY M. POMPAY AND C. SPELLS R.N SUPERVISORS

178. EARMART THROUGH "IF", "MJS" AND
IN CONCERT WITH NAPH CARE INC, JOHN AND (I-III)
JANE DOES (I-VIII), 2 (IV+X), AND (2)(X) - (XIV)
ALL PERSONALLY PARTICIPATE IN PROVIDING LESS
EFFECTIOUS LIQUIDS.

179. ALL SAID DESCRIBED UNDERSTOOD THE OBVIOUS
AND KNOWN RISK, YET THROUGH SIGNIFICANT ACTIONS
DESCRIBED IN SAID PARAGRAPHS CONSCIOUSLY AND
RECKLESSLY DISREGARD THOSE RISKS.

190 NAPH CARE, INC, PROVIDERS JOHN AND JANE
DOES, THE MEDICAL ADMINISTRATES UNDERSTOOD
AND KNEW FROM JUNE 06, JUNE 24, AUGUST 4,
AND AUGUST 11, 2021, THAT PLAINTIFF NEEDED
SPECIALIZED FOLLOW-UP CARE FROM THE WELLSTAR
GROUP

181. GRADY MEMORIAL ORAL SURGEON DIRECTED
ALL SAID PARTIES IN PARAGRAPH (190) TO TAKE
PLAINTIFF TO WELLSTAR OF AUGUST 11, 2021.

182. NAPH CARE, INC AND ALL SAID PARTIES
KNEW OF THE RISKS AND DAMAGES A LESS
EFFECTIOUS TREATMENT COURSE WOULD PROVIDE
YET RECKLESSLY DISREGARD THAT RISK
BY ALL PERSONALLY PARTISIPATING IN PERFORMING
LESS EFFECTIOUS TREATMENT PROTOCALS.

182. PLAINTIFF INCORPORATES AND REINCORPORATES PARAGRAPHS ONE THROUGH ONE-HUNDRED AND SIXTY-TWO (162) TO STATE THAT HIS RIGHTS UNDER THE US CONST AMEN VII AND XIV HAVE BEEN ABROGATED BY PROVIDING DELIBERATE INDIFFERENCE TO HIS MEDICAL NEED BY FAILING TO PROCUR MEDICAL RECORDS FROM BAY MEDICAL CENTER PANAMA CITY FL, UMC NEW ORLEANS, THE WELLSTAR GROUP AT KENNSTONE, FULTON NORTH, AND COBB GENERAL.

183. NAPH CARE INC, M. POMMY, PROVIDERS JOHN AND JANE DOES I-III, IV-VIII ALL KNEW THEY HAD A DUTY TO PROCUR AND INVESTIGATE PLAINTIFF SERIOUS MEDICAL NEEDS AND EVALUTE THE MOST EFFECTIOUS TREATMENT OPTIONS ALREADY PRESCRIBED BY SPECIALISTS, AT SAID FACILITIES.

184. EACH SAID DEFENDANT IN PARAGRAPH 182, THROUGHOUT THOSE TIMES DESCRIBED CONSCIOUSLY, DELIBERATELY, AND RECKLESS DISREGARD THOSE KNOW RISKS BY FAILING TO PROCUR, INVESTIGATE, AND PROVIDING LESS EFFECTIOUS TREATMENT OPTIONS, THOUGHOUT THOSE TIME DESCRIBED.

185. COLLECTIVELY IN CONCERT, AND THROUGH THE MUNICIPALITIES DE FACTO HAND-OFF POLICY NAPH CARE, INC AND THE MUNICIPALITY, ALL EMPLOYEES INDIVIDUALLY HAVE ENGAGED IN RECKLESS, DELIBERATE, AND CONSCIOUSLY

DISREGARD TO NOT ONLY PLAINTIFF SERIOUS
MEDICAL NEED BUT AN ENTIRE CLASS OF SIMILARLY
STUATED PERSONS.

186. THE DAMAGES ARE PERSONALLY DEVASTING
AND THE ENTIRE CLASS HAS NEEDLESSLY AND
CONTINUES TO NEEDLESSLY SUFFER WANTON
PAIN AND SUFFERING ALL THOSE WHOM ACT UNDER
COLOR OF STATE LAW.

187. THE PLAINTIFF HAS BEEN DENIED HIS
RIGHT UNDER TITLE III OF THE AMERICAN
WITH DISABILITIES ACT.

188. PLAINTIFF SUFFERS FROM A COGNIZANT
DISABILITIES LISTED AND FORMED IN TITLE III.

189. THE COLLECTIVE DEFENDANTS HAVE
DENIED HIM REASONABLE ACCOMMADATIONS
IN HEALTH CARE AND DIETS.

190. THE PLAINTIFF INCORPORATES AND
REINCORPORATES PARAGRAPHS ONE THROUGH
ONE HUNDRED AND SIXTY THREE (163) TO
ALLEGE HIS RIGHTS UNDER THE US CONST.
AMEND I AND XIV HAVE BEEN ABROGATED.

191. THE DEFENDANTS HAVE COLLECTIVELY
REFUSED TO ANSWER, ACKNOWLEDGED, AND
CONCEALED GRIEVANCES PER 42 USC 1997(e).

192. COLLECTIVELY THE DEFENDANTS REFUSE
TO PROVIDE FORMS, COPIES, AND NOTARY
STAMPS

193. PLAINTIFFS RIGHTS TO PETITION THE COURTS HAVE BEEN ABROGATED.

194. PLAINTIFF HAS RECIEVED REJECTED PLEADING NOTICES FROM THE SUPERIOR COURT OF FULTON COUNTY DATED AUGUST 10, 2021 AND FROM THE GEORGIA SUPREME COURT DATED AUGUST 19, 2021.

195. PLAINTIFF IS RIGHTS TO A COMMITMENT HEARING HAVE BEEN DENIED.

196. PLAINTIFF WAS HELD ON A DEFECTIVE WARRANT.

197. PENDENT CLAIMS

198. THE PLAINTIFF ALLEGES THAT SEVERAL HEALTH CARE EMPLOYEES BREACHED THE STANDARDS OF PROFESSIONAL CARE.

199. THAT BREACH CAUSED PLAINTIFF DAMAGES.

200. THOSE NAMED HAD A DUTY TO PROVIDE CARE.

201. THEY FAILED IN THOSE DUTIES.

DAMAGES

202. THE PLAINTIFF INCORPORATES AND REINCORPORATES PARAGRAPHS ONE THROUGH TWO-HUNDRED AND ONE (201) AND STATES THE FOLLOWING DAMAGES.

203. THE PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES TO BE DETERMINED BY THE JURY IN THE AMOUNT OF $350,000.00

204. THE PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES IN THE AMOUNT OF $250,000.00

205. THE PLAINTIFF IS ENTITLED TO DECLATORY RELIEF SPECIFYING HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.

206. THE PLAINTIFF IS ENTITLED TO INJUCTIVE RELIEF:

    A. PROHIBITING THE DENIAL OF SUFFICIENT FOOD;

    B. PROHIBITING WITHHOLDING OF MEDICAL CARE AND

    C. PROHIBITING RETALIATION

VERIFICATION

I DECLARE THAT THE MATERIAL FACTS STATED HEREIN, ARE CORRECT AND TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

DAVID JACKSON

DATED: 8/25/2021